504 P.2d 1022

**Norman B. CRAM, Plaintiff and Respondent,**

**v.**

**Locklan CRAM, Defendant and Appellant.**

**No. 12943.**

Supreme Court of Utah.

Dec. 27, 1972.

Michael W. Park, Cedar City, for defendant-appellant.

Irene Warr, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Norman B. Cram brought suit to evict Locklan Cram from a home property in the town of Kanab, alleging unlawful detainer after default in payment of rent and notice to quit. Defendant filed an answer and counterclaim denying the charges, and affirmatively alleging that he had never been served any proper notice to quit. On

the basis of his pleadings, affidavit, and answers to interrogatories, he avers: that his possession of the premises is in accordance with a 1950 (20 years prior) oral agreement with the plaintiff that in consideration of $5,000 loaned to plaintiff, he could occupy a portion of the premises and later build a home there, pursuant to which defendant had placed a trailer, with city water and sewer connections; that he made various permanent improvements thereon, including of water facilities, the building of a bridge, and a chicken coop, for which in the event of eviction he claims the right of reimbursement. He also claims other damages not necessary to detail here.

The trial court granted plaintiff's motion for a summary judgment, from which defendant appeals. We think the statement we have made above is sufficient, without elaboration thereon, to show that there are issues as to material facts which should be determined upon a trial.[1]

The summary judgment is vacated and the case is remanded for such further proceedings not inconsistent with this decision as may be deemed appropriate. Costs to defendant (appellant).

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

1. That this precludes granting summary judgment see Rule 56(c) U.R.C.P.;

Welchman v. Wood, 9 Utah 2d 25, 337 P.2d 410.